IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MITCHELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05 C 3834 |
| UNION PACIFIC RAILROAD, TRANSPORTATION COMMUNICATION UNION and NATIONAL RAILROAD ADJUSTMENT BOARD, | ) ) ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

George Mitchell has filed a petition for review of an award by the National Railroad Adjustment Board ("NRAB"). Defendants Union Pacific Railroad ("UP"), Transportation Communication Union ("TCU") and NRAB have each filed a motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6) and/or 12(b)(1). For the reasons provided in this Memorandum Opinion and Order, the motions are granted.

## The Legal Standard

There are two kinds of Rule 12(b)(1) motions: those that attack the sufficiency of the jurisdictional allegations and those that attack the factual basis for jurisdiction. Facial attacks are subject to the same standard as motions pursuant to Rule 12(b)(6) motions; that is, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946

(7th Cir. 2002). However, in factual attacks, like this one, the Court may consider affidavits and other evidence in deciding the motion. *Id.* In either case, the burden of proving that jurisdiction exists rests with the plaintiff. *Id.*

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Facts

George Mitchell was employed by UP or its predecessor from 1994 to at least 2003.[1] (UP App. Supp. Mot. Dismiss, Mitchell's *Ex Parte* Submission NRAB at 1.) During that time, Mitchell was represented by TCU. (Pet. Review ¶ 4.) The NRAB is a federal agency that arbitrates grievances in the rail industry. *See* 45 U.S.C. § 153 First (q).

During his employment with UP, Mitchell submitted various grievances to UP management, alleging that it had violated provisions of the contracts in effect between UP and TCU. (Pet. Review ¶ 9.) He says, however, that his efforts to pursue these grievances were stymied by UP's refusal to give him necessary records and by TCU's failure to tell him where and when the grievance conferences would be held and to submit the grievances to the NRAB on his behalf. (*Id.* ¶¶ 15-17.)

---

[1] It is not clear from the record whether Mitchell still works for UP.

Ultimately, Mitchell's claims were heard by the Third Division of the NRAB. The division dismissed the claims on the basis of procedural and jurisdictional error. (*Id.* ¶ 22.) Mitchell then filed this suit, asking the Court to set aside the NRAB's decision. (*Id.* ¶ 27.)

## Discussion

### Subject Matter Jurisdiction

The NRAB contends that it has sovereign immunity from Mitchell's claims. The Court agrees. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff does not identify, and the Court could not find, any statute that waives the NRAB's immunity. The NRAB's motion to dismiss for lack of subject matter jurisdiction is, therefore, granted.[2]

Mitchell's claims against UP and TCU also raise jurisdictional concerns. The Railway Labor Act ("RLA") strictly limits judicial review of NRAB awards to three grounds: "(1) failure of the [NRAB] to comply with the requirements of the [RLA]; (2) failure of the [NRAB] to conform, or confine, itself to matters within the scope of its jurisdiction; and (3) fraud or corruption." *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 93 (1978) (citing 45 U.S.C. § 153 First (q)). The Court has no jurisdiction over any other challenges to the NRAB's award. 45 U.S.C. § 153 First (q).

---

[2] Even if there were jurisdiction over the NRAB, it would still have to be dismissed from the suit because "the NRAB is not a proper party to a proceeding under 45 U.S.C. § 153(q)." *Mitchell v. Union Pac. R.R. Co.*, 408 F.3d 318, 320 (7th Cir. 2005).

3

Mitchell's first two challenges, that the award does not comply with sections 157 and 158 of the RLA, ostensibly fall within the Court's jurisdiction. Sections 157 and 158, however, concern the duties and procedures of the arbitration board, not the NRAB. *See* 45 U.S.C. §§ 157 First, 158; *Hill v. Norfolk & W. Ry.*, 814 F.2d 1192, 1199 (7th Cir. 1987) (stating that sections 157 and 158 do not apply to NRAB proceedings). The NRAB's duties are set forth in section 153. *See* 45 U.S.C. § 153 First. Because Mitchell has not alleged that the NRAB failed to comply with the requirements of the RLA that govern its proceedings, *i.e.*, section 153, the Court has no jurisdiction to address these claims.

Mitchell's claim that the award should be overturned because UP and/or TCU committed fraud in connection with it is similarly deficient. Section 153 permits the Court to set aside an NRAB award for fraud, but only if the fraud was committed "by a member of the [NRAB] division making the order." 45 U.S.C. § 153 First (q); *see Steffens v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Express & Station Employees*, 797 F.2d 442, 448 (7th Cir. 1986) (noting that allegations of fraud by the parties do not fall within court's jurisdiction). Thus, the Court has no jurisdiction to determine the extent to which any fraud by TCU or UP invalidates the NRAB award.

## Merits

Mitchell's alternative claim, that the NRAB acted fraudulently, engages the Court's jurisdiction but fails on the merits. The NRAB's alleged fraud was its finding that Mitchell's claim for lost wages had been withdrawn. (*See* Pl.'s Resp. Mot. Dismiss, Ex. C, NRAB Award at 5.) As the award makes clear, however, the NRAB based that finding on a representation made by UP:

> The Claimant also made the assertion that the Carrier undermanned the extra board and thereby violated the Agreement and deprived him of work to which he was entitled.
>
> The Carrier responded that all claims involving this issue were withdrawn. The claim is therefore moot and not properly before the Board.

(*Id.* at 4.) In short, the award establishes that the NRAB may have committed an error, but if any fraud occurred, it was perpetrated by UP.

Moreover, even if the NRAB knew that UP's statement was false, which Mitchell does not allege, his claim would still not succeed because the record establishes that the "fraud" did not impact the award. Though the NRAB found that Mitchell's lost wage claim was moot, it also said the claim was without merit:

> Although the Board is disposing of this dispute on the basis of procedural and jurisdictional error, the Board must mention that the Claimant's conclusion that he was due payment for lost wages for time not worked due to conflict with [his] class schedule was based on the faulty premise that once the Carrier was aware of his class schedule and had approved it, the Carrier then was bound to adjust its operation to comport with the Claimant's class schedule.

(*Id.* at 5.) Because the NRAB would have denied Mitchell's lost wage claim even absent the alleged fraud, its purported wrongdoing is not a basis for setting aside the award.

Equally meritless is any duty of fair representation claim Mitchell may be asserting against TCU. Mitchell says the union failed to tell him when and where the grievance conferences would be held and refused to submit the grievances to the NRAB on his behalf. (Pet. Review ¶¶ 16-17.) Mitchell knew about those actions, at the very latest, when the award issued on July 21, 2004. (*See* Pl.'s Resp. Mot. Dismiss, Ex. C, Award at 6.) He did not file this suit until June 30, 2005, well after the six-month statute of limitations applicable to his duty of fair representation claims had expired. *See Ranieri v. United Transp. Union*, 743 F.2d 598, 600 (7th Cir. 1984) (stating that the statute of limitations applicable to a duty of fair representation

5

claim brought by a railroad employee against his union is the six-month period set forth in the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b)). Any duty of fair representation claims that Mitchell may be asserting must, therefore, be dismissed.[3]

## Conclusion

For the reasons stated above, the defendants' motions to dismiss [doc. nos. 16, 20, 22] are granted and this case is terminated.

**SO ORDERED.**　　　　　　　　　　　　　　ENTERED: *March 22, 2006*

　　　　　　　　　　　　　　　　　　　　　　　*Ronald A. Guzman*
　　　　　　　　　　　　　　　　　　　　　　　**HON. RONALD A. GUZMAN**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[3]Plaintiff does not that contend that the union "[took] active steps to prevent [him] from suing in time," the only possible basis for tolling in this case. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). Rather, he argues only that the NLRA's six-month limitations period does not apply to duty of fair representation suits by railroad workers, *see* Pl.'s Resp. Mot. Dismiss at 2, a position our court of appeals has rejected. *Ranieri*, 743 F.2d at 600.